UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMY C. FRARY, | ) CASE NO.: 4:22-cv-00674 |
| Plaintiff, | ) |
| v. | ) JUDGE JOHN R. ADAMS |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) |

This matter comes before the Court on Objections by the Defendant, Commissioner of Social Security Administration ("Commissioner"), to the Magistrate Judge's Report and Recommendation ("R&R"). On February 6, 2023, Magistrate Judge James E. Grimes Jr. issued an R&R recommending that the Court reverse the Commissioner's decision and remand for further proceedings. (Doc. 12). On February 17, 2023, the Commissioner objected to the R&R. (Doc. 13). Also on February 17, 2023, the Plaintiff, Amy Frary, responded to the objections. (Doc. 14). The Court now resolves the objections.

For the reasons stated below, the Commissioner's objections are OVERRULED. The R&R is adopted, and the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Order.

**Law & Analysis**

This Court is required to conduct a *de novo* review of the portions in the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, in Social Security cases, judicial review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402

1

F.3d 591, 595 (6th Cir. 2005). The Court "must affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact unsupported by substantial evidence." *McClanahan v. Comm'r of Social Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

The Commissioner objects to the Magistrate Judge's conclusion that the Administrative Law Judge ("ALJ") improperly found that he was bound by Plaintiff's previously determined residual functional capacity ("RFC") pursuant to *Drummond v. Commissioner of Social Security* and failed to comply with *Earley v. Commissioner of Social Security*. (Doc. 1). The Commissioner argues that the ALJ provided a fresh look at Plaintiff's application and that the Magistrate Judge failed to review the matter for harmless error. (Doc. 13, p. 1).

In 1997, the Sixth Circuit in *Drummond* held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond v. Comm'r of Social Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). The Sixth Circuit has since clarified the scope of *Drummond* in *Earley*. *Earley v. Comm'r of Social Sec.*, 893 F.3d 929 (6th Cir. 2018). *Earley* held that "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review. *Id*. at 933. The Sixth Circuit reasoned that "if res judicata applied here, it would prevent the Commissioner *and* the individual from seeking fresh review of a new application for a new period of time." *Id*. at 934. (emphasis in original). "That is why it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, *albeit not binding*, consideration in reviewing a second application." *Id*. at 933. (emphasis added).

Here, the ALJ started his decision by reciting the *Drummond* standard and stating that "because I find no change in the claimant's condition since the time of the prior decision, I am

2

bound to adopt the [RFC] finding from that opinion."[1] (Doc. 13, p. 1-2; Doc. 7, p. 23). Later in the decision, the ALJ recited the RFC, listed Plaintiff's medical history, and found the state medical and psychological consultants' opinions persuasive, each of whom adopted the previous RFC verbatim and cited to "Drummond Ruling". (Doc. 7, 28-32; Doc. 12, p. 13-14).

The R&R found that since Plaintiff's second application was for a distinct period of time, different than that of her earlier application, she was to be afforded a new review pursuant to *Earley*. (Doc. 12, p. 24). The R&R found, therefore, that it was an error for the ALJ to start his analysis with the declaration that he was bound by the prior RFC pursuant to *Drummond*. (Doc. 12, p. 24). The R&R further stated that the ALJ "viewed [Plaintiff's] case through the lens of the previous RFC determination" and "the ALJ bootstrapped his reliance on the previous determination when he found 'persuasive' state agency medical opinions which were themselves verbatim recitations of the previous ALJ's RFC determination." (Doc. 12, p. 25).

The Commissioner argues that the ALJ's statement that he was bound by the prior RFC was boilerplate language and Sixth Circuit caselaw makes clear that the ALJ was not bound. (Doc. 13, p. 1). The Commissioner further argues that, despite saying he was bound, the ALJ did provide a "fresh look" at Plaintiff's application. (Doc. 13, p. 2). The Court finds this unpersuasive. The ALJ stated he was bound by the prior RFC and proceeded to rely on the state medical and psychological consultants' opinions, all of which recited the previous RFC verbatim and even mentioned "Drummond Ruling". The Commissioner asks the Court to assume the ALJ was reviewing Plaintiff's application under the new standard in *Earley* and not *Drummond*; yet the ALJ chose to cite to *Drummond* and never mentioned *Earley*, despite *Earley* having been decided

---

[1] Plaintiff had previously filed an application for benefits in October 2016 with an alleged disability onset date of August 13, 2013. (Doc. 12, p. 1). Plaintiff's application at issue herein was filed in October 2019 with an alleged disability onset date of March 29, 2019. (Doc. 12, p. 1-2).

almost three years prior. This is not consistent with the Commissioner's claim that the ALJ provided the application a "fresh look". Instead, it shows that the ALJ did not apply the correct legal standard. The Court finds no error with the R&R on this issue.

The Commissioner also argues that the Magistrate Judge had a "duty to 'directly ask[] the harmless-error question" and cites to *Shinseki v. Sanders*. (Doc. 13, p. 1). However, *Shinseki* does not support such a proposition. *Shinseki v. Sanders*, 556 U.S. 396 (2009). *Shinseki* involved Veteran disability claims and held that the U.S. Court of Appeals for the Federal Circuit was applying a harmless-error framework that was inconsistent with statute. *Id*. at 414. *Shinseki* did not create a duty to review for harmless error in Social Security cases.

The Court can review the Commissioner's decision for harmless error, but the proceeding will be remanded if "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Rabbers v. Comm'r Social Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009). Here, the ALJ began his decision by using the prior RFC as a starting point and then followed that with reliance on the state medical consultants' opinions that were verbatim recitations of the prior RFC. The ALJ's error in applying *Drummond* "permeated the entire adjudication of Plaintiff's claim." *Dilauro v. Comm'r of Social Sec.*, Case No. 5:19-cv-2691, 2021 WL 1175415, *4 (N.D. Ohio Mar. 29, 2021). The Court cannot evaluate the Plaintiff's medical history to determine whether the facts support the RFC independent of the ALJ's reliance on *Drummond*. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (stating that the Court may not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility"). The Court finds no error in the R&R on this issue.

5

For the reasons stated above, the Commissioner's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby REVERSED and remanded for further proceedings consistent with this Order.


Date: March 31, 2023                               */s/ John R. Adams*
                                                                  JOHN R. ADAMS
                                                                  UNITED STATES DISTRICT JUDGE